**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 02-1045**

---

M. EUGENE GIBBS,

                                        Plaintiff - Appellant,

        versus

UNITED STATES OF AMERICA; DEPARTMENT OF
DEFENSE (DCMAO); DEPARTMENT OF LABOR; GEORGE
MOORE, Dr.; DOES 1-5,

                                        Defendants - Appellees.

---

**No. 02-1301**

---

M. EUGENE GIBBS,

                                        Plaintiff - Appellant,

        versus

UNITED STATES OF AMERICA; DEPARTMENT OF
DEFENSE (DCMAO); DEPARTMENT OF LABOR; GEORGE
MOORE, Dr.; DOES 1-5,

                                        Defendants - Appellees.

---

Appeals from the United States District Court for the District of
Maryland, at Greenbelt.  J. Frederick Motz, District Judge.  (CA-
02-45-JFM)

Submitted:  August 9, 2002          Decided:  September 9, 2002

Before WILKINS and LUTTIG, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

M. Eugene Gibbs, Appellant Pro Se.  Allen F. Loucks, OFFICE OF THE
UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

M. Eugene Gibbs appeals from the district court's denial of his petition for a writ a mandamus (No. 02-1301), which sought reinstatement of his federal workers' compensation benefits, and the district court's denial of his motion for injunctive relief (No. 02-1045). Mandamus relief is only available when the petitioner has a clear right to the relief sought. In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988). Further, mandamus is a drastic remedy and should only be used in extraordinary situations. Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). Injunctive relief is only warranted when a movant can show a likelihood of success on the merits of the underlying dispute. North Carolina State Ports Auth. v. Dart Containerline Co., 592 F.2d 749, 750 (4th Cir. 1979).

Because the Federal Workers' Compensation Act ("FECA") likely bars Gibbs' underlying claim for disability benefits, see 5 U.S.C. § 8116(c) (2000), and because Gibbs fails to show that he satisfies any exception to the FECA bar, he is not entitled to either injunctive or mandamus relief. Thus, we affirm the district court's orders. In addition, we deny Gibbs' petition for a writ of mandamus filed in this court. We dispense with oral argument, because the facts and legal contentions are adequately presented in

3

the materials before the court and argument would not aid the decisional process.

AFFIRMED